UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
NEW YORK CENTRAL MUTUAL
INSURANCE COMPANY, as subrogee of
Paul and Karen Mazzola,

                    Plaintiff,          **MEMORANDUM AND ORDER**
                                                               2:17-cv-2051 (DRH)(AKT)

    - against -

TOPBUILD HOME SERVICES, INC.,

                    Defendant.
-------------------------------------------------------X

**APPEARANCES**

**COZEN O'CONNOR**
Attorneys for Plaintiff
45 Broadway, 23rd Floor
New York, NY 10006
By:    Virginia Markovich, Esq.
          John Brian Galligan, Esq.

**ANSA ASSUNCAO, LLP**
Attorney for Defendant
707 Westchester Ave., Suite 309
White Plains, NY 10604
By:    James Simon Coons, Esq.

**HURLEY, Senior District Judge:**

### INTRODUCTION

      Plaintiff New York Central Mutual Insurance Company ("Plaintiff"), as subrogee of Paul and Karen Mazzola, brought this damages-only subrogation action against Defendant TopBuild Home Services, Inc. ("Defendant"). Presently before the Court is Defendant's motion for partial summary judgment pursuant to Fed. R. Civ. P. ("Rule") 56. For the reasons set forth below, Defendant's motion is granted to the extent that Plaintiff's recovery against Defendant is limited

as a matter of law to the diminution in value of the subject property attributable to Defendant's conceded negligence.

## BACKGROUND

The following relevant facts are taken from the Parties' Rule 56.1 Statements, and are uncontested unless otherwise stated.

Plaintiff's subrogors, Paul and Karen Mazzola ("Mazzolas"), are the original owners of the real property located at 27 Ferraro Drive in Holbrook, New York ("Property"), which is currently owned solely by Paul Mazzola. (P.'s R. 56.1 Stmt. [ECF No. 18-24] ¶ 2.) The Mazzolas acquired the Property in 1990. (*Id.* ¶ 3.) In or around September 2011, Defendant installed blown-in insultation in certain parts of the Property. (*Id.* ¶ 4.) On November 29, 2015, a fire occurred in the Property causing damage to the exterior and interior. (*Id.* ¶ 5.) Plaintiff claims that Defendant's insulation work caused the fire. (*Id.* ¶ 6.) For purposes of this litigation, Defendant has conceded liability. (*Id.* ¶ 7.)

According to Plaintiff, the value of the Property diminished by $270,000. (*Id.* ¶ 8.) Plaintiff's designated real estate appraisal expert performed a retrospective market analysis that concluded that before the fire, the real property (land and improvements) had a value of $570,000. (*Id.* ¶ 9.) Following the fire, the value of the real property (vacant land, the in-ground pool, and the house's original foundation) was $300,000. (*Id.* ¶ 10.) Given the extent of the damage, the appraisal expert determined the real estate's diminution in value by subtracting the value of the post-fire remaining "vacant land" from the pre-fire value of $570,000. (*Id.* ¶ 11.) Another appraisal done at Mrs. Mazzola's request in 2012 by a different certified appraised found that the Property was worth $540,000. (*Id.* ¶ 13.)

The fire damaged 25 to 30 percent of the structure on the Property.  (*Id.* ¶ 14.)  The Parties dispute whether the fire and smoke damage to the house was limited to this 25 to 30 percent estimate, as Defendant contends, or if the entirety of the house was damaged to some degree, as Plaintiff contends.  (*Id.*)  At the time of the fire, the Mazzola's house was insured by Plaintiff under a homeowner's insurance policy ("Policy").  (*Id.* ¶ 15.)  The Policy was an insurance contract that was entered into by Plaintiff and the Mazzolas, whereby the latter paid the former $2,319 in annual premiums for certain coverage, including, coverage for physical damage to the Property.  (*Id.* ¶ 17.)

After the fire, Mr. Mazzola submitted a claim to Plaintiff for insurance coverage under the Policy through his public adjuster, Jerrold Kotler.  (*Id.* ¶ 19.)  Thereafter, Plaintiff assigned insurance adjuster Terrance Walker to adjust the loss on its behalf.  (*Id.* ¶ 20.)  Mr. Walker investigated and adjusted the loss, and negotiated a settlement of Mr. Mazzola's structural repairs with Mr. Kotler.  (*Id.* ¶ 21.)  Mr. Kotler and Mr. Walker arrived at an agreed-upon total payment that exhausted the Policy's limits, as well as the Policy's additional guaranteed replacement cost coverage limit and the "other structures" and "code update" limits.  (*Id.* ¶ 22.)  There was no appraisal of the Property before or after the fire.  (*Id.* ¶¶ 23–24.)

On or about July 26, 2016, Plaintiff's attorney's tendered a demand to Defendant for full reimbursement of the repair costs it paid to the Mazzola's following the fire.  (*Id.* ¶ 25.)  Following unsuccessful efforts to resolve this matter, Plaintiff filed suit against Defendant in state court on February 27, 2017.  (*Id.* ¶ 26.)  On April 7, 2017, Defendant removed the case to this Court.  (*Id.* ¶ 27.)  In the Complaint, Plaintiff sought to recover $1,042,479.86 from Defendant, together with pre-judgment interest, attorney's fees, and costs.  (Compl. [ECF No. 1-2] ¶ 31.)  At some later time, that amount was lowered to $708,465.74, as the "amount

corresponding to costs incurred to repair the dwelling [and] other structures" on the Property. (P.'s R 56.1 Stmt. ¶ 51.) Defendant moved for partial summary judgment on September 7, 2018, as articulated in the Introduction *supra*.

## LEGAL STANDARD

Summary judgment pursuant to Rule 56 is appropriate only where admissible evidence in the form of affidavits, deposition transcripts, or other documentation demonstrates the absence of a genuine issue of material fact, and one party's entitlement to judgment as a matter of law. *See Viola v. Philips Med. SYS. of N. Am.*, 42 F.3d 712, 716 (2d Cir. 1994). The relevant governing law in each case determines which facts are material; "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). No genuinely triable factual issue exists when the moving party demonstrates, on the basis of the pleadings and submitted evidence, and after drawing all inferences and resolving all ambiguities in favor of the non-movant, that no rational jury could find in the non-movant's favor. *Chertkova v. Conn. Gen'l Life Ins. Co.*, 92 F.3d 81, 86 (2d Cir. 1996).

To defeat a summary judgment motion properly supported by affidavits, depositions, or other documentation, the non-movant must offer similar materials setting forth specific facts that show that there is a genuine issue of material fact to be tried. *Rule v. Brine, Inc.*, 85 F.3d 1002, 1011 (2d Cir. 1996). The non-movant must present more than a "scintilla of evidence," *Del. & Hudson Ry. Co. v. Consol. Rail Corp.*, 902 F.2d 174, 178 (2d Cir. 1990) (*quoting Anderson*, 477 U.S. at 252) (internal quotation marks omitted), or "some metaphysical doubt as to the material facts," *Aslanidis v. U.S. Lines, Inc.*, 7 F.3d 1067, 1072 (2d Cir. 1993) (*quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)) (internal quotation marks

omitted), and cannot rely on the allegations in his or her pleadings, conclusory statements, or on "mere assertions that affidavits supporting the motion are not credible." *Gottlieb v. Cnty. of Orange*, 84 F.3d 511, 518 (2d Cir. 1996) (internal citations omitted).

The district court considering a summary judgment motion must also be "mindful . . . of the underlying standards and burdens of proof," *Pickett v. RTS Helicopter*, 128 F.3d 925, 928 (5th Cir. 1997) (citing Anderson, 477 U.S. at 252), because the "evidentiary burdens that the respective parties will bear at trial guide district courts in their determination of summary judgment motions." *Brady v. Town of Colchester*, 863 F.2d 205, 211 (2d Cir. 1988). "[W]here the nonmovant will bear the ultimate burden of proof at trial on an issue, the moving party's burden under Rule 56 will be satisfied if he can point to an absence of evidence to support an essential element of the nonmoving party's claim." *Id*. at 210-11. Where a movant without the underlying burden of proof offers evidence that the non-movant has failed to establish her claim, the burden shifts to the non-movant to offer "persuasive evidence that his claim is not 'implausible.'" *Id.* at 211 (citing *Matsushita*, 475 U.S. at 587).

## DISCUSSION

I.     *The Parties Arguments*

The Complaint sets forth two causes of action against Defendant: (1) negligence in the installation work on the Property; and (2) breach of contract for failure to install the insulation in accordance "with all applicable statutes, ordinances, rules, orders, regulations and/or codes, as well as in conformance with current industry standards and practices." (Compl. ¶¶ 16–26.)

In Defendant's motion for summary judgment, it asserts that it should only owe Plaintiff the lesser of: (1) the difference between the Property's market value before and immediately after it was damaged, also known as the "diminution in value;" or (2) the reasonable cost of

repairs necessary to restore it to its original condition. (Def.'s Mem. in Supp. [ECF No. 18-2] at 8.) Defendant argues that it should not be liable for replacement value repair costs that exceed the diminution of value, especially given that Plaintiff paid for the Mazzola's upgrades[1] to the Property "pursuant to a private bargained-for agreement that had nothing to do with [Defendant] or its assumed negligence in this case." (*Id.* at 9–10.)

Plaintiff argues in opposition that "[t]he proper measure of damages in this subrogation action is the amount that [Plaintiff] was forced to expend because of Defendant's wrongful conduct, [namely] the cost to repair the home." (P.'s Mem. in Opp. [ECF No. 18-32] at 4.) Plaintiff further avers that the "lesser of two rule does not apply to subrogation actions, especially in the insurance context, as there is no way that Plaintiff could have mitigated the amounts paid to its insured." (*Id.* at 4–5.)

Defendant's real estate valuation expert determined that the Property was worth $650,000 before the fire, the land was worth of $195,000, and the improvements were worth $455,000. (*Id.* at 5.) Defendant's expert determined that the diminution in market value caused by the fire was $245,000. (*Id.* at 6.) As previously noted, Plaintiff's expert on the market value of the Property determined that the diminution in value was $270,000. (*Id.*) However, the Parties have not asked the Court to evaluate this inconsistency. Rather, on the instant summary judgment motion, Defendant asks the Court to determine only whether the lesser of two doctrine applies to this subrogation action for negligent damage to real property. (*Id.* at 9.) Once the Court so

---

[1] While not discussed in the Parties' Rule 56.1 Statements, Defendant alleges in its memorandum that Mr. Mazzola installed premium finishes and made other upgrades to the Property with the insurance money he received from Plaintiff. (*See* Mem. in Supp. at 10.) Defendant claims that the value of the house increased substantially after these upgrades, from $570,000 before the fire to $750,000 after the renovations.

decides, the Parties agree that the calculation of the amount of damages should be put to a jury. (*Id.*)

## II. Subrogation Legal Standard

In New York, a subrogation action "allocates responsibility for the loss to the person who in equity and good conscience ought to pay it, in the interest of avoiding absolution of a wrongdoer from liability simply because the insured had the foresight to procure insurance coverage." *In re Sept. 11 Litigation*, 802 F.3d 314, 351 (2d Cir. 2015) (quoting *N. Star Reinsurance Corp. v. Cont'l Ins. Co.*, 82 N.Y.2d 281, 294 (1993)). In the insurance context, the equitable doctrine of subrogation "entitles an insurer to 'stand in the shoes' of its insured to seek indemnification from third parties whose wrongdoing has caused a loss for which the insurer is bound to reimburse." *Id.* The insurer then "acquires [the insured's] rights against the person whose debt was discharged." *Nacional Financiera, S.N.C. v. Americom Airlease, Inc.*, 803 F. Supp. 886, 892 (S.D.N.Y. 1992) (citing *Salzman v. Holiday Inns, Inc.*, 48 A.D. 258 (N.Y. App. Dic. 1975), *modified on other grounds*, 40 N.Y.2d 919 (1976)). In other words, in a subrogation action the insurer can recover from the tortfeasor what the insured could have recovered in his or her own right. *See Allstate Ins. Co. v. Mazzola*, 175 F.3d 255, 258 (2d Cir. 1999) ("In short, one party known as the subrogee is substituted for and succeeds to the rights of another party known as the subrogor").

Under New York law, "an award of damages to a person injured by the negligence of another is designed to restore the injured party, to the extent possible, to the position that would have been occupied had the wrong not occurred." *In re Sept. 11 Litigation*, 802 F.3d at 328 (quoting *McDougald v. Garber*, 73 N.Y.2d 246, 253–54 (1989)) (internal quotation marks omitted). There are two ways that damages can be calculated when negligence results in the

destruction of real property. The first, "diminution-in-value," awards to the plaintiff "the difference between the value of the land before the injury and its value after the injury[.]" 36 N.Y. Jur.2d *Damages* § 75. The second is to award the cost of restoration plus the "reasonable worth" of the property's use while the plaintiff "is deprived of" the property. 36 N.Y. Jur.2d *Damages* § 113. These two measures of damages often produce awards of different sizes. As such, the New York Court of Appeals has held that "the proper measure of damages for permanent injury to real property is the lesser of the decline in market value and the cost of restoration." *Jenkins v. Etlinger*, 55 N.Y.2d 35, 39 (1982).

   III.   *Defendant's Motion for Partial Summary Judgment is Granted*

The only question before the Court on this summary judgment motion is whether the "lesser of two" doctrine applies to a subrogation action. If it does, then Plaintiff is limited to recovering the diminution in value, as the Parties concede that this is less than the cost of restoration. If the "lesser of two" doctrine does not apply, then Plaintiff may recover the full $708,465.74 that it dispensed to the Mazzolas to repair the dwelling and the other structures on the property.

As explained above, New York Law provides that when negligence results in the destruction of real property, recovery is limited by the lesser of two doctrine. Here, the Property was damaged by Defendant's negligence. Accordingly, the Mazzolas's recovery against Defendant for the damage to the Property would be limited by the lesser of two doctrine. Since Plaintiff has stepped into the Mazzola's shoes, its rights are the same as the Mazzola's, and Plaintiff's ability to recovery is likewise limited by the lesser of two doctrine. Thus, Plaintiff may only recover the diminution in value.

Plaintiff argues in its memorandum in opposition that the reasoning underlying the lesser of two principle does not apply to subrogation actions because an insurance company cannot mitigate the loss. In support of this argument, Plaintiff does not cite a single case in which a New York court has awarded an insurance company more than its insured could recover in a subrogation action for negligent damage to real property. The Court was likewise unable to find any precedent in its own review of applicable case law that directly decides this issue. *See, e.g.*, *Atlantic Mutual Insurance Co. v. Noble Van & Storage Co.*, 146 A.D.2d 729 (N.Y. App. Div. 1989) (an action by a subrogee to recover damages decided on other grounds); *see also Interested Underwriters at Lloyds v. Third Holding Corp.*, 88 A.D.2d 863 (N.Y. App. Div. 1982) (overturning a jury verdict in a subrogation action because the valuation did not provide the jury sufficient proof for a proper determination). If the Court were to grant Plaintiff's request for full reimbursement, it would establish a bifurcated system whereby insurance companies would be eligible to receive more than the injured party himself could. This would punish both uninsured homeowners and tortfeasors, as the latter would be liable for differing amounts for the same exact negligent action and resulting injury based solely on whether the injured party purchased home insurance. To do so would also upend the well-established doctrine of subrogation because the insurer would no longer be inheriting the rights of its insured, no more and no less. Plaintiff's assertion that it could not mitigate the loss does not overcome the aforementioned legal and logical inconsistencies in Plaintiff's argument. This is particularly true given that Plaintiff negotiated a private contract with the Mazzolas that allowed Mr. Mazzola to invest more into the property than the actual value of the damage that Defendant caused.

Plaintiff next argues that there is no reason to apply the lesser of two principle because it only seeks to be reimbursed for the money it has disbursed to the Mazzolas so there would be no

windfall. Plaintiff ignores that this would effectively result in a significant windfall to Mr. Mazzola, to the tune of over $500,000. If Mr. Mazzola had brought this action against Defendant, he would only be able to recover the diminution in value even though he invested over $1 million into repairs. If Mr. Mazzola recovered more than the diminution in value, he would receive a windfall. As Plaintiff is stepping into Mr. Mazzola's shoes, it too can only recover the diminution in value. The fact that Mr. Mazzola has received over $1,000,000 from Plaintiff pursuant to a privately negotiated insurance contract does not change the analysis.

As the Court is persuaded by Defendant's arguments and Plaintiff has not offered any authority in support of its position, Defendant's motion for partial summary judgment is granted. The Court finds that the lesser of two doctrine applies to this damages-only subrogation action.

## CONCLUSION

For the reasons set forth above, Defendant's motion for partial summary judgment is granted.

**SO ORDERED.**

Dated: Central Islip, New York
April 24, 2019

                                                 /s/
                                           Denis R. Hurley
                                           United States District Judge